IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joi Roberson,<br>9115 Beech Ave<br>Brooklyn, OH 44144 | : | Case No.: |
| | : | **COMPLAINT** |
| Plaintiff, | : | **Jury Demand Endorsed Hereon.** |
| vs. | : | |
| Equifax Information Services, LLC., a Georgia limited liability company<br>c/o The Prentice-Hall Corporation System, Inc.<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215 | :<br><br>:<br><br>: | |
| and | : | |
| Auto Loan, Inc., an Ohio corporation,<br>1250 W. Main St,<br>Kent, OH 44240<br>Defendants. | :<br><br>:<br><br>:<br><br>: | |

**NOW COMES THE PLAINTIFF, JOI ROBERSON, BY AND THROUGH COUNSEL**, **RICHARD P. GABELMAN**, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Northern District of Ohio as the Defendants conduct business in the entire State of Ohio.

1

## PARTIES

4. Joi Roberson is an individual residing in Brooklyn, Ohio in Cuyahoga County.

5. Equifax, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Ohio.

6. Auto Loan, Inc., ("Auto Loan") is an Ohio corporation that conducts business in the State of Ohio.

## GENERAL ALLEGATIONS

7. Auto Loan is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous monthly payment amount of $398.00 on Plaintiff's Equifax and Trans Union credit disclosures.

8. The monthly payment amount should be reported as $0.00

9. The automobile that was the subject of the account reflected by the Errant Tradeline was voluntarily surrendered. Plaintiff no longer has an obligation to make monthly payments to Auto Loan.

10. On March 26, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosures and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

11. On or about May 21, 2019, Plaintiff submitted a letter to Equifax and Trans Union, disputing the Errant Tradeline.

12. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline is regarding an automobile which was voluntarily returned. Plaintiff no longer has an obligation to make monthly payments to Auto Loan. She asked Equifax and Trans Union to report the Errant Tradeline with the monthly payment amount of $0.00.

13. Equifax and Trans Union forwarded Plaintiff's consumer dispute to Auto Loan. Auto Loan received Plaintiff's consumer dispute from Equifax and Trans Union.

14. Auto Loan did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

15. In response to Plaintiff's dispute, Auto Loan verified to Equifax and Trans Union that its reporting of its Errant Tradeline was accurate.

16. Plaintiff had not received Equifax's or Trans Union's investigation results. Therefore, on or about August 9, 2019, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union and Auto Loan failed or refused to report the monthly payment amount as $0.00.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY AUTO LOAN

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the monthly payment amount, Auto Loan negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

20. Auto Loan negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to report the Errant Tradeline with the monthly payment of $0.00.

21. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax and Trans Union to which it is reporting such tradeline.

22. As a direct and proximate cause of Auto Loan's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

23. Auto Loan is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

24. Plaintiff has a private right of action to assert claims against Auto Loan arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Auto Loan for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY AUTO LOAN

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Auto Loan willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

27. Auto Loan willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of Auto Loan's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

29. Auto Loan is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Auto Loan for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

35. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

42. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant for Actual Damages; Statutory Damages; Damages for pecuniary, economic and emotional damages and loss; Attorney's Fees and the costs of this action.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Dated: September 16, 2019                                    Respectfully submitted,

*/s/Richard P. Gabelman*
Richard P. Gabelman, Esq. (#0074642)
6701 Montgomery Road
Cincinnati, Ohio 45213
Email: gabelmanrich@hotmail.com
*Attorney for Plaintiff*